## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM DEWAYNE WESLEY | : |
| Petitioner | : |
| v. | :    Civil Action No. WMN-05-2408 |
| SHERIFF BARRY JANNEY. | : |
| Respondents | : |

. . . . .o0o. . . . .

## **MEMORANDUM**

Pending is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by William Dewayne Wesley on September 1, 2005, challenging his 2005 conviction for violation of parole in the Circuit Court for Cecil County. Petitioner, who is confined at the Cecil County Detention Center, has also filed a Motion to Proceed In Forma Pauperis. The Court will grant the Motion to Proceed In Forma Pauperis and dismiss the Petition without prejudice.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. See 28 U.S.C. §2254(b)&(c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction. In Maryland, a petitioner convicted in a criminal case may satisfy this requirement on direct appeal or by way of post-conviction proceedings.[1]

---

[1] To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.
    If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. Williams v. State, 292 Md. 201, 210-11 (1981).
    To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit

In this case, Petitioner has yet to exhaust his claims either by way of direct appeal or collateral review before the appropriate state courts. Further, Petitioner has not presented any reason why the exhaustion requirements, as set forth above, should not apply in his case.

Accordingly, a separate Order will be entered, dismissing the petition without prejudice, to allow Petitioner to exhaust his state court remedies. Petitioner is advised that there is a one-year filing deadline for a 28 U.S.C. §2254 writ of habeas corpus in federal court.[2] Petitioner must take care not to miss this deadline should he seek to refile this petition after he has exhausted state court

---

Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file for writ of certiorari to the Court of Appeals. Williams, supra.

[2]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

review.  A separate Order follows.

/s/

September 7, 2005
Date

William M. Nickerson
Senior United States District Judge